IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MICHAEL CHMIELEWSKI, individually )
and as the representative of a class of )
similarly-situated persons, )
 )
                        Plaintiff, )
 )   No.
            v. )
 )
PUBLIX SUPER MARKETS, INC., )
 )
                        Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, Michael Chmielewski, ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, Publix Super Markets, Inc. ("Defendant" or "Publix"):

## PRELIMINARY STATEMENT

1.     This complaint seeks remedies, including actual and punitive damages and injunctive relief, arising from Publix's advertising and sales of a grated cheese product labeled "100% Real Grated Parmesan Cheese" that in fact contains ingredients other than cheese.

2.     Independent laboratory testing undertaken by Plaintiff, through his counsel, confirms that Publix's grated Parmesan cheese is not 100 percent Parmesan cheese, but instead contains significant and material quantities of adulterants and fillers, including cellulose.

3.       While these adulterants and fillers, including cellulose, are used in commercial food products anti-clumping and anti-caking purposes, the amount of cellulose contained in Publix's Parmesan cheese product exceeds a percentage reasonably necessary to serve these anti-clumping and anti-caking purposes. The amount of cellulose contained in Publix's Parmesan cheese product is used as a cheap filler to cut the production and manufacturing cost of the Parmesan cheese product.

4.       On behalf of himself and all others similarly situated, Plaintiff bring this case as a class action asserting claims against Publix for violation of the Florida Deceptive and Unfair Trade Practices Act Title XXXIII 501 *et seq.* (the "FDUTPA"), and all substantially-similar state statutes; breach of express warranty; breach of the implied warranty of merchantability; negligent misrepresentation; and unjust enrichment.

## PARTIES, JURISDICTION AND VENUE

5.       Plaintiff Michael Chmielewski is a consumer and a resident of the State of Florida, residing in Hillsborough County.

6.       Defendant, Publix Super Markets, Inc., is a Florida corporation headquartered in Lakeland, Florida, that conducts substantial sales, distribution, and marketing operations in this District.

7.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because the aggregate claims of all members of the putative class exceed the sum or value of $5,000,000, exclusive of interests and costs, and because

the Plaintiff and many of the putative class members are citizens of states different from that of the Defendant.

8.      Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims were committed by Defendant in this district.

<u>FACTS</u>

9.      Publix develops, manufactures, distributes, sells and advertises products, including cheese products, in Florida and throughout the Southeastern United States.

10.     Publix has consistently marketed its product as containing only Parmesan cheese, and prominently labels it as "100% REAL GRATED PARMESAN CHEESE":



11.     Publix's grated cheese product, however, is not 100% Parmesan cheese.

12.     Instead, Publix's cheese product contains other ingredients, including wood fiber or cellulose:



13.     Independent laboratory testing confirms that Publix's Parmesan cheese product is not 100% Parmesan cheese, and the amount of adulterating cellulose present in Publix's Parmesan cheese product exceeds that necessary to prevent caking.

14.     In January 2016, and on numerous previous occasions, Plaintiff purchased a bottle of Publix branded 100% real Grated Parmesan cheese from a Publix in Lutz, Florida. Plaintiff reasonably expected that Publix's 100% Parmesan cheese products consisted of "100% real" cheese, read and relied on Publix's material representations. Plaintiff did not know that Publix's 100% Parmesan cheese products contained significant amounts of adulterants and fillers.

<u>CLASS REPRESENTATION ALLEGATIONS</u>

15.     Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class, initially defined as follows:

4

All persons who purchased Publix's grated cheese product labeled "100% Real Grated Parmesan Cheese" on or after three years prior to the filing of this action.

16.     Excluded from the Class are Publix, any entity in which Publix has a controlling interest, any officers or directors of Publix, the legal representatives, heirs, successors, and assigns of Publix, and any Judge assigned to this action, and his or her family.

17.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.  This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

18.     **Numerosity/Impracticality of Joinder**:  On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Publix's records or the records of third parties.

19.     **Commonality and Predominance**:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and

factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a.    Whether Publix's grated cheese product contains ingredients other than Parmesan cheese;

    b.    Whether Publix knew or should have known that its grated cheese product contained ingredients other than Parmesan cheese when it marketed and offered the product to consumers;

    c.    Whether Publix's false and misleading representation and omission of material facts constitute a deceptive practice under the FDUTPA;

    d.    Whether Publix was negligent in representing that its grated cheese product contained 100% Parmesan cheese when it in fact contained an ingredient that is not cheese;

    e.    Whether Publix created an express warranty when it represented its grated cheese product was 100% Parmesan cheese and/or described its product as 100% Parmesan cheese;

    f.    Whether Plaintiff and the other Class members are entitled to statutory damages;

    g.    Whether Publix should be enjoined from falsely labeling and advertising such products in the future;

    h.    Whether the Court should award trebled damages;

i.      Whether Publix's conduct as alleged herein constituted

conversion;

j.      Whether Publix's conduct as alleged herein was unfair under

FDUTPA; and

k.      Whether Publix's conduct as alleged herein constituted a

violation of FDUTPA.

20.    **Typicality of claims**:  Plaintiff's claims are typical of the claims of the

Class because Plaintiff and all Class members were injured by the same wrongful

practices. Plaintiff and the members of the Class are all individuals who purchased

Parmesan cheese from Publix that was falsely labeled and advertised as defined by

the FDUTPA. Under the facts of this case, because the focus is upon Publix's

conduct, if Plaintiff prevails on his claims, then the putative Class members must

necessarily prevail as well.

21.    **Adequacy of Representation**:  Plaintiff is an adequate representative of

the Class because his interests do not conflict with the interest of the members of

the Class he seeks to represent. Plaintiff has retained counsel competent and

experienced in complex class action litigation and Plaintiff intends to vigorously

prosecute this action. The interest of members of the Class will be fairly and

adequately protected by Plaintiff and his counsel.

22.    **Prosecution of Separate Claims Would Yield Inconsistent Results**:

Even though the questions of fact and law in this action are predominately common

to Plaintiff and the putative Class members, separate adjudication of each Class

member's claims would yield inconsistent and varying results. Such inconsistent rulings would create incompatible standards for Publix to operate under if/when Class members bring additional lawsuits concerning the same Parmesan cheese.

23.   **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**:  A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude maintenance of this case as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## TITLE XXXIII 501

24.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

25.   Plaintiff brings Count I on behalf of himself and a class of similarly situated persons.

26.     The FDUTPA "protect[s] the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Sta. § 501.202 (2).

27.     Plaintiff and the putative class members are "consumers" within the definition, meaning and construction of Fla. Stat. § 501.203(7).

28.     The FDUTPA defines "trade or commerce," as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated," and "shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." § 501.203 (8).

29.     Publix is engaged in "trade or commerce" within the definition, meaning and construction of Fla. Stat. § 501.203(8).

30.     The FDUTPA declares unlawful : "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

31.     Publix's actions and conduct as alleged herein constitute an "unfair" act or practice within the definition, meaning and construction of the FDUTPA because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Publix's unfair and deceptive practices regarding the marketing, advertising, packaging,

labeling, and sale of grated Parmesan cheese product is likely to mislead—and has

misled—consumers acting reasonably under the circumstances. The harm caused by

Publix's wrongful conduct outweighs any utility of such conduct and has caused,

and will continue to cause, substantial injury to Plaintiff and the putative class

members.

32.     Publix's actions and conduct as alleged herein constitute a "deceptive"

act or practice within the definition, meaning, and construction of the FDUTPA

because Publix:  (a) knowingly and willfully failed to disclose all material

information to consumers and purchasers of its grated Parmesan cheese product

that supposedly contained 100% grated Parmesan cheese; (b) knowingly made false

representations of fact in connection with its grated Parmesan cheese product; (c)

affirmatively concealed and omitted that its grated Parmesan cheese product

included significant and material quantities of adulterants and fillers to cause

reliance by Plaintiff and other consumers; and (d) charged premium prices for such

products. Publix's conduct was likely to deceive consumers. Plaintiff and other

consumers relied on Publix's representations and omissions regarding its grated

Parmesan cheese product. Publix's failure to disclose this pertinent information

regarding the true specifications and characteristics its grated Parmesan cheese

product constitutes a material omission in violation of the FDUTPA.

33.     The FDUTPA provides:

> Other individual remedies.
> (1) Without regard to any other remedy or relief to which
> a person is entitled, anyone aggrieved by a violation of this part
> may bring an action to obtain a declaratory judgment that an

act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

(2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in 501.2105.

Fla. Stat. § 501.211.

34.   Publix violated Title XXXIII § 501 *et seq.* by manufacturing, marketing, distributing and selling Parmesan cheese to Plaintiff and the other Class members that was falsely labeled and advertised as "100%" grated Parmesan cheese.

35.   Publix violated Title XXXIII § 501 *et seq.* by intentionally deceiving Plaintiff and other class members concerning the purported quality of its cheese.

36.   Publix's practice of intentionally falsely labeling and falsely advertising a product as superior to its actual contents is an unfair practice, because it violates public policy and because it forced Plaintiff and other class members to suffer inferior product quality.  The statute is designed to protect the public from consuming products that are not what manufacturers and advertisers claim them to be.  If sellers intentionally manufacture inferior products that they then claim to be of the highest quality possible, then the public are unable to protect themselves from unwanted products.

37.   Publix violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Florida statutory public policy,

which public policy violations in the aggregate caused substantial injury to thousands of persons if not more.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his and their favor and against Publix, jointly and severally as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award damages for each violation of the FDUTPA;

C.  That the Court enter an injunction prohibiting Publix from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF EXPRESS WARRANTY

38.  Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

39.  Plaintiff brings Count II on behalf of themselves and a class of similarly situated persons for Publix's breach of its express warranty that its product consisted of 100% Parmesan cheese.

40.  Publix sold or contracted to sell its grated cheese product to consumers and represented that its product was in fact 100% Parmesan cheese.

41.     By affirming and promising that its grated cheese product was 100% Parmesan cheese, Publix expressly warranted to consumers that its product was of a specified quality and composition.

42.      Publix's description of its grated cheese product as "100% Grated Parmesan Cheese" was the basis of a bargain between it and consumers to whom it sold or contracted to sell its grated cheese product. Consumers sought out Publix's product because of the express warranty that it was exactly the product Publix represented it to be—100% Parmesan cheese.

43.     Publix breached this express warranty by selling a product that was not in fact 100% cheese, but was instead a mixture of cheese and cellulose.

44.     Plaintiff and other class members were injured as a direct and proximate result of Publix's breach of warranty, because they would not have purchased (and would not have paid the purchase price for) the product knowing that the express warranty was false, they paid a price premium for a product subject to the false warranty, and they ultimately received a product that was worth less than it would have been in the warranted condition.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his and their favor and against Publix, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representatives, and appoint Plaintiff' counsel as counsel for the class;

B.      That the Court award actual damages to Plaintiff and the other class members;

C.      The that Court order Publix disgorge its profits made as a result of its wrongful conduct toward Plaintiff and the other class members; and

D.      That the Court enter an injunction prohibiting Publix from marketing its grated cheese product as consisting of 100% or only Parmesan cheese.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

45.     Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

46.     Plaintiff brings Count III on behalf of himself and a class of similarly situated persons for Publix's breach of the implied warranty of merchantability that its product consisted of 100% Parmesan cheese.

47.     Article Two of the Uniform Commercial Code, § 2-314, provides that, unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. To be "merchantable," goods must, among other things: "pass without objection in the trade under the contract description;" be "adequately contained, packaged, and labeled as the agreement may require;" and "conform to the promise or affirmations of fact made on the container of label if any."

48.     Publix, through the conduct alleged herein—including but not limited to the practice of labeling and selling the grated cheese product as 100% cheese

when it was in fact a mixture of cheese and cellulose—impliedly warranted that its product consisted entirely of Parmesan cheese.

49.    Publix is a merchant with respect to the goods of this kind that were sold to Plaintiff and the class because Publix regularly deals in these kinds of goods—including its grated cheese product—or otherwise holds itself out as being knowledgeable or skilled with regard to them.

50.    As the manufacturer, supplier, and/or seller of its grated cheese product, Publix had actual knowledge of the contents and composition of its grated cheese product and the representations made to consumers about its grated cheese product.

51.    Publix breached the warranty implied in the contract for the sale of the goods—its grated cheese product—because the product does not contain the quality, quantity or characteristics of Parmesan cheese as impliedly warranted, and because the product does not conform to the promise made on its labels, that the product consists entirely of cheese.

52.    Plaintiff and the class did not receive goods as impliedly warranted by Publix to be merchantable because the product did not conform to the promises and affirmations made on the container or label.

53.    Plaintiff and the other class members were injured as a direct and proximate result of Publix's breach of warranty, because they would not have paid the purchase price for and/or purchased the product knowing the warranty was false, they paid a premium price for a product subject to a false warranty, and they

ultimately received a product that was worth less than it would have been in the warranted condition.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his and their favor and against Publix, as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representatives, and appoint Plaintiff' counsel as counsel for the class;

B.   That the Court award actual damages to Plaintiff and the other class members;

C.   The that Court order Publix disgorge its profits made as a result of its wrongful conduct toward Plaintiff and the other class members; and

D.   That the Court enter an injunction prohibiting Publix from marketing its grated cheese product as consisting of 100% or only Parmesan cheese.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

54.   Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

55.   Plaintiff brings Count IV on behalf of themselves and a class of similarly situated persons for Publix's negligent misrepresentation that its grated cheese product consisted of 100% Parmesan cheese.

56.     As alleged, Publix has falsely represented for years that its grated cheese product is made of 100% Parmesan cheese, when in fact the product contains a mixture of cheese and cellulose.

57.     At the time Publix made this representation, it knew or should have known that the representation was false.

58.     Publix negligently misrepresented and negligently omitted material information about its grated cheese product.

59.     Publix intended that Plaintiff and other class members rely upon this misrepresentation and omission when deciding to purchase its grated cheese product rather than other grated Parmesan cheeses.

60.     Plaintiff and the other class members did in fact rely on Publix's misrepresentations and omissions and would not have purchased Publix's product and/or paid a premium price for the product had they known it did not consist entirely of cheese, or that it contained a mixture of cheese and cellulose.

61.     Plaintiff and the other class members sustained actual harm as a direct and proximate result of Publix's negligent misrepresentation because they would not have paid the purchase price for and/or purchased the product knowing it was not 100% cheese or contained cellulose, they paid a premium price for a product due to the misrepresentation, and they ultimately received a product that was worth less than it would have been had the misrepresentation been true.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his and their favor and against Publix, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representatives, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award actual damages to Plaintiff and the other class members;

C.     The that Court order Publix disgorge its profits made as a result of its wrongful conduct toward Plaintiff and the other class members; and

D.     That the Court grant any and further relief it deems just and appropriate.

## COUNT V
## COMMON LAW UNJUST ENRICHMENT

62.    Plaintiff incorporate paragraphs 1 through 23 as though fully set forth herein.

63.    Plaintiff brings Count V on behalf of themselves and a class of similarly situated persons for Publix's unjust enrichment at the expense of Plaintiff and other class members.

64.    As alleged, Publix has falsely represented for years, through labeling and marketing, that its grated cheese product is made of 100% Parmesan cheese, when in fact the product contains a mixture of cheese and cellulose.

65.    Publix's mislabeling and marketing of its grated cheese product as 100% Parmesan cheese violates state and federal food production, labeling and marketing laws and regulations.

66.     Mislabeling and marketing a product as 100% cheese, when it in fact contains ingredients other than cheese, constitutes wrongful conduct.

67.     Publix's unlawful conduct as described herein allowed Publix to knowingly realize substantial revenues from selling its grated cheese product at the expense of, and to the detriment of, Plaintiff and the other class members. These revenues are and were to Publix's benefit and enrichment.

68.     Publix's actions and practices have violated the fundamental principles of justice, equity and good conscience.

69.     Plaintiff and the other class members conferred significant financial benefits and paid substantial compensation to Publix for a product that is not as Publix represented, labeled and marketed it to be.

70.     Under the common law principles of unjust enrichment in Florida, it is inequitable for Publix to retain the benefits conferred by Plaintiff and the other class members' overpayments made due to Publix's wrongful conduct.

71.     Plaintiff and the other class members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and the Class may seek restitution.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his and their favor and against Publix, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representatives, and appoint Plaintiff counsel as counsel for the class;

B.    That the Court award actual damages to Plaintiff and the other class members;

C.    The that Court order Publix disgorge its profits made as a result of its wrongful conduct toward Plaintiff and the other class members; and

D.    That the Court grant any and further relief it deems just and appropriate.

> Respectfully submitted,
>
> MICHAEL CHMIELEWSKI, individually and as the representative of a class of similarly-situated persons,
>
> By:   /s/ Phillip A. Bock
>
> Phillip A. Bock (Florida Bar No. 93895)
> BOCK, HATCH, LEWIS,
> & OPPENHEIM,  LLC
> 134 N. La Salle St,, Ste. 1000
> Chicago, IL  60602
> Telephone:  312-658-5500
> Phil@classlawyers.com